# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL A. THORPE,

        Plaintiff,

        v.                              Case No. 25-C-1476

OFFICER ALVAREZ,
OFFICER KIND, and
DAISEY CHASE,

        Defendants.

## SCREENING ORDER

Plaintiff Michael A. Thorpe, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court to screen Plaintiff's amended complaint.

### SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of

the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to the amended complaint, on May 13, 2025, at 5:30 p.m., Correctional Officer Alvarez entered Plaintiff's cell, stating that he was going to conduct a cell search. CO Alvarez entered Plaintiff's cell without support from other staff and off camera. CO Alvarez conducted a pat search of Plaintiff. During the pat search, CO Alvarez rubbed down Plaintiff's chest, then grabbed and rubbed Plaintiff's genitals. Am. Compl. at 2, Dkt. No. 12.

Plaintiff filed a Prison Rape Elimination Act (PREA) report, but the inmate complaint examiner determined that there was not enough evidence to support Plaintiff's claim. *Id.* Plaintiff

asserts that he would run into CO Alvarez after the incident and CO Alvarez would stare at him or walk really close to him to try to intimidate Plaintiff. CO Alvarez was also working the night shift while Plaintiff was sleeping. Plaintiff wrote to Security Director Kind and stated that he did not feel safe in the prison because of what happened. Security Director Kind did not respond to Plaintiff's letter and did not remove Plaintiff or CO Alvarez from the institution. Plaintiff asserts that Warden Chase also knew about the incident but has not removed either Plaintiff or CO Alvarez from the institution. *Id.* at 3.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). "[P]risoners have a clearly established Eighth Amendment right to be free from sexual abuse." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (7th Cir. 2012) (cleaned up). The Seventh Circuit has explained that, when a prisoner alleges sexual abuse by a prison official, "the prisoner is entitled to a presumption that the conduct was not consensual." *Id.* at 1049. Based on Plaintiff's allegations that CO Alvarez rubbed down Plaintiff's chest, then grabbed and rubbed Plaintiff's genitals during a pat search, the court will allow Plaintiff to proceed on an Eighth Amendment claim against CO Alvarez.

Plaintiff does not state a claim against Security Director Kind or Warden Chase, however. Plaintiff asserts that Security Director Kind and Warden Chase knew about the incident after it occurred but did not remove either Plaintiff or CO Alvarez from the institution. Prison officials have a duty to protect inmates when they are aware that the inmate faced "a substantial risk of

3

serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff does not allege that Security Director Kind and Warden Chase knew of a risk of harm to Plaintiff before the incident occurred. Instead, he asserts that Security Director Kind and Warden Chase have not transferred Plaintiff or CO Alvarez to a different institution. Although Plaintiff states that he occasionally sees CO Alvarez in the institution, that CO Alvarez stares at him or walks really close to Plaintiff to try to intimidate him, and that CO Alvarez works the night shift while Plaintiff is sleeping, the amended complaint contains no allegations that Security Director Kind and Warden Chase were aware that Plaintiff faced a substantial risk of harm after the incident. Accordingly, Security Director Kind and Warden Chase will be terminated as defendants.

**IT IS THEREFORE ORDERED** that Security Director Kind and Warden Chase are terminated as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Alvarez.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, CO Alvarez shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

4

scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this <u>30th</u> day of December, 2025.

_____
William C. Griesbach
United States District Judge

5

Case 1:25-cv-01476-WCG   Filed 12/30/25   Page 5 of 5   Document 14